UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON BAILEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-92-HAB-SLC |
| RON HEEG and MAXSYAN, | |
| Defendants. | |

OPINION AND ORDER

Jason Bailey, a prisoner without a lawyer, filed an amended complaint suing LaPorte County Sheriff Ron Heeg and LaPorte County Jail Classification Officer Maxsyan based on events alleged to have occurred at the jail. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bailey alleges he is a pretrial detainee who is addicted to heroin. He says he filed a grievance at the LaPorte County Jail because he was not getting buprenorphine to control his cravings and prevent relapse.

> The Due Process Clause of the Fourteenth Amendment imposes obligations on government officials to safeguard the health and safety of pretrial detainees, and section 1983 provides a cause of action for detainees . . . to vindicate those constitutional guarantees. To state a claim for inadequate medical care, a complaint must allege that: (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [detainee]'s medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [detainee]'s medical need; and (4) the defendant acts purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cty.*, 40 F.4th 824, 827-28 (7th Cir. 2022) (citations and quotation marks omitted). This complaint does not allege facts showing that Sheriff Heeg or Officer Maxsyan were involved with deciding whether to prescribe buprenorphine for Bailey. Even if they denied his grievance, "prison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). Neither do the allegations show Bailey needed buprenorphine to prevent relapse since he did not have access to heroin while in jail.

Baily alleges Sheriff Heeg and Officer Maxsyan retaliated against him for filing the grievance by placing an inmate in his unit who was a known threat to him. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks omitted). This allegation of retaliation plausibly states a claim.

Bailey alleges Sheriff Heeg and Officer Maxsyan placed the inmate in his unit to attack Bailey. He alleges the inmate attacked him. Under the Fourteenth Amendment, a pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. at 539. This allegation of punishment plausibly states a claim.

Bailey alleges he lost teeth because of the attack. He alleges Sheriff Heeg is preventing him from obtaining medical treatment for this injury. This allegation of punishment plausibly states a claim. *See Gonzalez*, 40 F.4th at 827-28.

Baily seeks preliminary injunctive relief to obtain buprenorphine and to obtain medical treatment for his missing teeth. As previously explained, this complaint does not state a claim related to buprenorphine and that claim is being dismissed. However, it does state a claim related to medical treatment for his teeth. Sheriff Heeg has both the authority and the responsibility to ensure that Bailey receives constitutionally adequate medical treatment. *Cf. Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden of Menard is a proper defendant since Gonzalez seeks injunctive relief.") and *Clark v. Galipeau*, No. 22-2927, 2023 WL 4759312, at *1 (7th Cir. 2023) ("[T]he district court correctly designated Westville's warden in his official capacity as the proper defendant.).

For these reasons, the court:

(1) GRANTS Jason Bailey leave to proceed against Sheriff Ron Heeg and Officer Maxsyan in their individual capacities for compensatory and punitive damages for retaliating against him for filing a grievance about being denied buprenorphine by placing an inmate in his unit who was a known threat to him in violation of the First Amendment;

(2) GRANTS Jason Bailey leave to proceed against Sheriff Ron Heeg and Officer Maxsyan in their individual capacities for compensatory and punitive damages for punishing him by placing an inmate in his unit to attack him in violation of the Fourteenth Amendment;

(3) GRANTS Jason Bailey leave to proceed against Sheriff Ron Heeg in his individual capacity for compensatory and punitive damages for punishing him by denying him medical treatment for missing teeth in violation of the Fourteenth Amendment;

(4) GRANTS Jason Bailey leave to proceed against Sheriff Ron Heeg in his official capacity for injunctive relief to obtain medical treatment for his missing teeth as required by the Fourteenth Amendment;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to separately docket the amended complaint (ECF 4) as a preliminary injunction motion;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Sheriff Ron Heeg and Officer Maxsyan, with a copy of this order and the amended complaint (ECF 4);

(8) ORDERS the LaPorte County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information;

(9) DIRECTS the clerk to fax or email a copy of the same documents to LaPorte County Sheriff Ron Heeg in his official capacity;

(10) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those documents by LaPorte County Sheriff Ron Heeg;

(11) ORDERS LaPorte County Sheriff Ron Heeg to file and serve a response to the preliminary injunction, as soon as possible but not later than **March 21, 2024**, (with supporting medical documentation and declarations from other staff as necessary) describing/explaining what medical care Jason Bailey is receiving for his missing teeth; and

(12) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sheriff Ron Heeg and Officer Maxsyan to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 29, 2024.

s/Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT