UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON BAILEY,

    Plaintiff,

    v.

RON HEEG and MAXSYAN,

    Defendants.

CAUSE NO. 3:24-CV-92-CCB-SLC

OPINION AND ORDER

Jason Bailey, a prisoner without a lawyer, filed an amended complaint which included a request for preliminary injunctive relief. ECF 4. The court granted "Bailey leave to proceed against Sheriff Ron Heeg in his official capacity for injunctive relief to obtain medical treatment for his missing teeth as required by the Fourteenth Amendment."[1] ECF 7 at 4. The complaint was separately docketed as a motion for preliminary injunction. ECF 8. "LaPorte County Sheriff Ron Heeg [was ordered] to file and serve a response to the preliminary injunction . . . (with supporting medical documentation and declarations from other staff as necessary) describing/explaining what medical care Jason Bailey is receiving for his missing teeth." *Id*. at 5. Sheriff Heeg timely filed his response. ECF 10. Bailey did not file a reply and the time for doing so has passed. *See* N.D. Ind. L.R. 7-1(d)(3)(B). The preliminary injunction motion is now ripe for ruling.

---

[1] The court also granted Bailey leave to proceed against Sheriff Heeg and Officer Maxsyan on other claims which are not relevant to the preliminary injunction addressed in this order.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation

2

of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

With his response to the preliminary injunction motion, Sheriff Heeg filed the declaration of Nurse Christiana Boone. She declares Bailey had longstanding dental problems dating back to at least 2021 when he was previously in the LaPorte County Jail. ECF 10-1 at ¶ 8. When he was most recently admitted to the jail in November 2023, Nurse Boone "performed an assessment on Bailey [and] noted that Bailey had poor dental hygiene. His teeth were decayed and broken. This was a chronic condition." *Id*. at ¶ 4. She "recommended that Bailey take ibuprofen for any pain and that he be set for an appointment with the dentist." *Id*. at ¶ 5. "Bailey was on the dentist's schedule for January 17, 2024. On January 16, 2024, Bailey signed a refusal to see the dentist." *Id*. at ¶ 6. "On February 6, 2024, Bailey submitted a medical request to a see a dentist. [Nurse Boone] set Bailey for an appointment to see [her] so [she] could assess his condition. Bailey refused the February 16, 2024[, visit] with [her]." *Id*. at ¶ 7.

Nurse Boone says Bailey's dental problems are chronic. Bailey said, in both his original complaint and his amended complaint, that an attack by a fellow inmate caused him to have missing and broken teeth. ECF 1 and 4. These descriptions are not mutually exclusive, but to the extent they are potentially contradictory, it is unnecessary to

3

determine the reason for his dental problems before ruling on the preliminary injunction motion.

Bailey's original complaint was dated January 24, 2024. Neither it nor the amended complaint say when he was attacked, but it had to be before he wrote about it in January. Since the attack (and perhaps also before it), Bailey had the opportunity to receive dental treatment. Bailey's refusal to take that opportunity undermines his ability to make a strong showing that he can succeed on the merits. Without regard to why he had dental problems, he could have gotten dental treatment in February without a court order. There is no evidence that Sheriff Heeg is preventing him from getting dental treatment. As such, his request for a preliminary injunction ordering Sheriff Heeg to provide him dental care will be denied.

For these reasons, the preliminary injunction motion (ECF 8) is DENIED.

SO ORDERED on May 13, 2024.

s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT