UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON BAILEY,<br><br>  Plaintiff,<br><br>  v.<br><br>RON HEEG, et al.,<br><br>  Defendants. | CAUSE NO. 3:24-CV-92-CCB |

**OPINION AND ORDER**

Jason Bailey, a prisoner without a lawyer, is proceeding in this case on four claims. First, he is proceeding against Sheriff Ron Heeg and Deputy Joseph Maksyan "in their individual capacities for compensatory and punitive damages for retaliating against him for filing a grievance about being denied buprenorphine by placing an inmate in his unit who was a known threat to him in violation of the First Amendment[.]" ECF 7 at 4. Second, he is proceeding against Sheriff Heeg and Deputy Maksyan "in their individual capacities for compensatory and punitive damages for punishing him by placing an inmate in his unit to attack him in violation of the Fourteenth Amendment[.]" *Id*. Third, he is proceeding against Sheriff Heeg "in his individual capacity for compensatory and punitive damages for punishing him by denying him medical treatment for missing teeth in violation of the Fourteenth Amendment[.]" *Id.* Lastly, he is proceeding against Sheriff Heeg "in his official capacity for injunctive relief to obtain medical treatment for his missing teeth as required by the

Fourteenth Amendment[.]" *Id.* The defendants filed a motion for summary judgment. ECF 34. Bailey filed a response. ECF 41. The defendants have not filed a reply, and the time for doing so has expired. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

*First Amendment retaliation claim*

Bailey is proceeding against Sheriff Heeg and Deputy Maksyan "for retaliating against him for filing a grievance about being denied buprenorphine by placing an inmate in his unit who was a known threat to him in violation of the First Amendment[.]" ECF 7 at 4. An allegation of First Amendment retaliation requires the

2

plaintiff to show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). To demonstrate causation, Bailey must show, based on admissible evidence, "a causal link between the protected act and the alleged retaliation." *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (internal quotations omitted).

The defendants argue summary judgment is warranted in their favor because Bailey cannot meet any element of a First Amendment retaliation claim. Specifically, they provide Bailey's full grievance records, which contain no record Bailey ever submitted any grievance during the relevant timeframe about being denied buprenorphine. ECF 36-6. Moreover, Deputy Maksyan attests he never saw or had knowledge of any such grievance, and that if Bailey had submitted such a grievance it would have gone to medical staff, not to him. ECF 36-3 at 2-3. And Sheriff Heeg attests he never had any personal contact with Bailey whatsoever and had no input into Bailey's cell assignment. ECF 36-2 at 1.

In his response, Bailey states he wrote a "handwritten grievance" related to being denied buprenorphine because he had no access to a tablet or kiosk, which is why the grievance does not show up in his grievance records. ECF 41 at 2. But Bailey provides no evidence of a causal link between his filing of this handwritten grievance and the defendants' alleged retaliatory act of housing him with a dangerous inmate.

Specifically, accepting as true that Bailey filed a handwritten grievance about being denied buprenorphine, there's no evidence this grievance was ever logged into the jail's grievance system or seen by either defendant. Bailey doesn't argue or provide evidence that either defendant ever saw or responded to this handwritten grievance. Deputy Maksyan expressly attests he never saw or had any knowledge of any such grievance, and Bailey does not respond to or dispute this attestation. And Sheriff Heeg attests he never had any personal contact with Bailey whatsoever and had no input into Bailey's cell assignment, which Bailey does not dispute. Accordingly, based on the undisputed evidence in the record, no reasonable jury could conclude Bailey's filing of a handwritten grievance complaining he was being denied buprenorphine was "at least a motivating factor" in the defendants' alleged conduct of housing Bailey with a dangerous inmate. *See Gomez*, 680 F.3d at 866. Summary judgment is therefore warranted in favor of the defendants on this claim.

<u>*Fourteenth Amendment claim against Sheriff Heeg and Deputy Maksyan*</u>

Bailey is proceeding against Sheriff Heeg and Deputy Maksyan for punishing him by placing an inmate in his cellhouse to attack him in violation of the Fourteenth Amendment. Specifically, Bailey alleged in his complaint that the defendants placed an inmate named Camron Payne in his cellhouse to punish him for filing a grievance requesting to be placed on buprenorphine. ECF 4 at 2-3; ECF 41. Bailey alleges he and Payne had a "keep apart," meaning they should not have been housed together, and Payne attacked him and knocked his teeth out on January 15, 2024. *Id.*

4

Because Bailey was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (*citing Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee establishes a valid Fourteenth Amendment claim by showing that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "[N]egligent conduct does not offend the Due Process Clause[.]" *Id.* at 353. In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020).

Sheriff Heeg provides an affidavit, in which he attests he had no input whatsoever into Bailey's cell assignment at the LaPorte County Jail. ECF 36-2 at 1. Deputy Maksyan also provides an affidavit, in which he attests to the following facts: Deputy Maksyan is the classification officer at the LaPorte County Jail. ECF 36-3 at 1. On January 5, 2024, Deputy Maksyan moved Bailey into the N3 cellhouse, a medical housing unit, because there were no other housing options available at that time due to Bailey's issues getting along with other detainees. *Id.* Bailey remained in the N3 cellhouse until March 2024, when he and numerous other detainees were moved to a new cellhouse due to population concerns. *Id.* at 2. Bailey's cell classification was

5

entirely unrelated to any grievance he filed about buprenorphine, as any such grievance would have gone to medical staff and Deputy Maksyan had no knowledge of any such grievance. *Id.* at 2-3.[1]

In his response, Bailey argues there was "no reason" for the defendants to move both him and Payne into the N3 cellhouse because he and Payne had a "keep apart," meaning they should not have been placed in the same cellhouse. ECF 41. ECF 41. However, accepting as true that Payne and Bailey had a "keep apart" and should not have been placed in the same cellhouse, the records contain no evidence that placing them in the same cellhouse was anything beyond mere negligence. In his summary judgment response, Bailey repeatedly questions why Payne was moved into the N3 cellhouse and asserts there was "no reason" for the move, but he does not allege or provide evidence it was done as punishment. Bailey alleged *in his complaint* that the defendants moved Payne into his cellhouse to punish him for filing a grievance about buprenorphine, but he does not support or even address this argument in his summary judgment response. *See Goodman*, 621 F.3d at 654 (a party opposing a properly supported summary judgment motion may not merely rely on his allegations in his complaint). And as discussed above, there's no evidence either defendant was even aware that Payne filed a grievance about buprenorphine. Thus, because there's no evidence the defendants were acting to punish Bailey, Bailey's allegation that the

---

[1] The record contains no evidence showing when Payne arrived in the N3 cellhouse. It is not clear if Payne already was housed in the N3 cellhouse when Bailey arrived, or if Payne arrived in the N3 cellhouse after Bailey. Regardless, the court accepts as undisputed that both Bailey and Payne were housed in the N3 cellhouse at the same time in January 2024, and that Payne attacked Bailey during that time period.

defendants shouldn't have placed him and Payne in the same cellhouse because they had a "keep apart" alleges only negligence by the defendants, which is insufficient to show a Fourteenth Amendment violation. *See Miranda*, 900 F.3d at 353 (a pre-trial detainee cannot establish a claim under the Fourteenth Amendment merely by showing negligence); *Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019) ("Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to 'shock the conscience'") (citation omitted). Accordingly, because there's no evidence by which a reasonable jury could conclude the defendants' conduct of placing Payne and Bailey into the same cellhouse was anything more than mere negligence, summary judgment is warranted in favor of the defendants on this claim.

### *Medical treatment claim against Sheriff Heeg*

Bailey is proceeding against Sheriff Heeg for punishing him by denying him medical treatment for missing teeth in violation of the Fourteenth Amendment. "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda*, 900 F.3d at 352. The first consideration is whether the defendant "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

7

Sheriff Heeg provides Bailey's medical records and an affidavit from Nurse Christina Boone, which show the following facts: On November 25, 2023, Nurse Boone assessed Bailey and noted he had poor dental hygiene and his teeth were decayed and broken. ECF 36-1 at 1. This was a chronic condition, and no infection or acute condition was present. *Id.* Nurse Boone recommended that Bailey take ibuprofen for any pain and be scheduled for an appointment with a dentist. *Id.* Bailey was scheduled to see a dentist on January 17, 2024. *Id.* However, on January 16, 2024, Bailey signed a refusal to see the dentist. *Id.* at 1-2, 3. On February 6, 2024, Bailey submitted a medical request to see a dentist. *Id.* at 2, 4. Nurse Boone scheduled Bailey for an appointment with her on February 16 so she could assess his condition. *Id.* However, Bailey refused to attend this appointment with Nurse Boone and signed a refusal. *Id.* at 2. On May 21, 2024, Bailey was again scheduled to see a dentist. ECF 36-4 at 2. A dentist recommended that Bailey have some of his teeth extracted, but Bailey refused this treatment and signed a refusal. ECF 36-4 at 2, 10.

Sheriff Heeg argues summary judgment is warranted in his favor because he had no personal contact with Bailey, made no decisions related to Bailey's alleged dental problems, and no dental care was withheld from Bailey. ECF 36 at 8. In his response, Bailey does not dispute that he refused to attend several dental appointments and refused the dentist's recommendation that his teeth be extracted. ECF 41. The court therefore accepts that as undisputed. Instead, Bailey argues the dentist should have offered to fix rather than extract his damaged teeth, as he did not want his teeth pulled. *Id.* at 1.

Here, there's no evidence Sheriff Heeg denied Bailey any medical treatment in order to punish Bailey, as it's undisputed Sheriff Heeg had no personal contact with Bailey and made no decisions related to Bailey's dental problems. Regardless, Bailey has not shown the treatment he received for his teeth was objectively unreasonable. Specifically, it is undisputed Bailey was scheduled for numerous dental appointments and he either refused to attend the appointments or refused the recommended treatment, as Bailey concedes he refused the dentist's recommendation that his teeth be extracted. While Bailey argues he would have preferred to have his teeth fixed rather than extracted, he does not argue or provide any evidence the dentist's recommendation to extract his teeth was in any way unreasonable. *See Williams v. Patton*, 761 F. App'x 593, 597 (7th Cir. 2019) ("a mere disagreement with a medical professional's otherwise reasonable treatment is not a basis for a constitutional claim"); *Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005) (an inmate cannot "be permitted to engineer" a constitutional violation). Thus, because (1) it's undisputed Sheriff Heeg had no personal contact with Bailey and made no decisions related to his dental problems, and (2) there's no evidence the treatment Bailey received from medical staff for his teeth was objectively unreasonable, no reasonable jury could conclude Sheriff Heeg violated Bailey's Fourteenth Amendment rights by denying him medical treatment for his teeth. Summary judgment is therefore warranted in favor of Sheriff Heeg on this claim.

### Injunctive relief claim against Sheriff Heeg

Bailey is proceeding against Sheriff Heeg in his official capacity for injunctive relief to obtain medical treatment for his missing teeth as required by the Fourteenth

9

Amendment. Here, as discussed above, Bailey has not shown the treatment he has been offered and received for his teeth is objectively unreasonable, as it's undisputed he was scheduled for numerous dental appointments and he either refused to attend the appointment or refused the treatment recommended by the dentist. Bailey provides no evidence the treatment recommended by the dentist—having his damaged teeth extracted—was unreasonable. *See Williams*, 761 F. App'x at 597. Therefore, no reasonable jury could conclude that Sheriff Heeg is denying Bailey constitutionally adequate medical care for his teeth, and Bailey is not entitled to any injunctive relief on this claim.

For these reasons, the court:

(1) **GRANTS** the defendants' motion for summary judgment (ECF 34); and

(2) **DIRECTS** the clerk to enter judgment in favor of the defendants and against Jason Bailey and to close this case.

SO ORDERED on September 3, 2025.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT